IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES McCOY,

      Petitioner,

      v.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,

      Respondent.

Case No. 2:14-cv-304
Judge Smith
Magistrate Judge King

## OPINION AND ORDER

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition,* Doc. No. 3, Respondent's *Motion to Dismiss or Transfer Petition,* Doc. No. 14; and Petitioner's *Response in Opposition,* Doc. No. 16. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

This case involves Petitioner's February 9, 2005, convictions and sentence to thirty years' incarceration on charges of attempted murder, kidnapping, felonious assault and aggravated robbery in the Licking County Court of Common Pleas. *Petition*, PageID# 42. Petitioner contends that his convictions violate the Double Jeopardy Clause and Ohio's law on allied offenses of similar import; that he was denied the effective assistance of counsel; that he was denied a fair trial because of prosecutorial misconduct; and that the evidence is constitutionally insufficient to sustain his convictions. Respondent asks that the action be dismissed as a successive habeas corpus petition or, alternatively, that the action be transferred to the United States Court of Appeals for the Sixth Circuit.

Petitioner has previously challenged these same convictions under 28 U.S.C. § 2254. *McCoy v. Sheets,* No. 2:08-cv-1051, 2010 WL 2671281 (S.D. Ohio June 30, 2010). This Court dismissed that action as untimely under 28 U.S.C. § 2244(d). *Id.* On October 19, 2011, the United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment. *McCoy v. Sheets*, Case No. 10-3840 (6th Cir. Oct. 18, 2011); *Exhibit 1* to *Return of Writ.* This action, therefore, constitutes a successive petition. *See Edwards v. Ross,* No. 1:10-cv-637, 2011 WL 901379, at *1 (S.D. Ohio Jan. 10, 2011)(dismissal of prior habeas corpus petition on statute of limitations grounds constitutes an adjudication on the merits)(citing *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner*, 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003); *Smith v. Jackson,* No. 1:09–cv–107, 2009 WL 3151308, at *2 (S.D. Ohio Sept. 25, 2009)(concluding that, where a prior habeas corpus petition is dismissed on statute of limitations grounds, it constitutes an adjudication on the merits, and the petitioner must obtain authorization from the court of appeals to file a subsequent petition for habeas corpus relief)(citations omitted). *Smith v. Jackson,* 2009 WL 3151308, at *2.

Under the Antiterrorism and Effective Death Penalty Act, a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. 28 U.S.C. § 2244(b)(3)(A); *Nelson v. United States*, 115 F.3d 136 (2d Cir. 1997); *Hill v. Hopper,* 112 F.3d 1088 (11th Cir. 1997). The statute requires that, before a second or successive petition for a writ of habeas corpus can be filed in the district court, a petitioner must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the petition. Unless the court of appeals has authorized the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the

United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*).

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id.* at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (*per curiam*).

At this juncture, this Court lacks jurisdiction to entertain Petitioner's second or successive § 2254 petition. The Sixth Circuit will issue this certification only if Petitioner succeeds in making a *prima facie* showing either (1) that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review or (2) that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found Petitioner guilty. 28 U.S.C. § 2244(b)(2).

The Magistrate Judge therefore **RECOMMENDS** that Respondent's *Motion to Transfer,* Doc. No. 14, be **GRANTED** and that the *Petition* be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                       *s/ Norah McCann King*
                                                       Norah McCann King
                                                       United States Magistrate Judge

June 11, 2014